IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 08-CV-5589 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Judge Lefkow |
| PETER PALIVOS | ) | |
| | ) | Magistrate Judge Brown |

**PETITIONER'S COMBINED RESPONSE TO THE GOVERNMENT'S
MOTION FOR ENTRY OF AN ORDER FINDING ATTORNEY-CLIENT WAIVER
AND
PETITIONER'S RENEWED MOTION TO DISQUALIFY AND
MOTION FOR LEAVE TO TAKE DISCOVERY**

NOW COMES Peter Palivos, by his attorneys, LOEVY & LOEVY, and files this
combined (a) response to the Government's Motion for an entry of an order finding waiver of the
attorney-client privilege; and (b) renewed motion to disqualify counsel and for leave to take
discovery. In support, Mr. Palivos states as follows.

**Background**

1.      Mr. Palivos first filed his § 2225 motion back in October of last year. His
now-pending motions (a) to take discovery and (b) to disqualify counsel have been pending since
last November.

2.      As described more fully in prior pleadings, the Government has proceeded
to file a series of motions to extend the time to respond.[1]

---

[1]   Mr. Palivos' § 2225 motion was filed back on October 1, 2008. His motion to disqualify
counsel and his motion for leave to take discovery to support his claims have both been pending
since November 26, 2008. At the original hearing, the Government took the position that Mr.
Palivos' § 2225 motion was purportedly so frivolous that it should be dismissed out of hand.
Unwilling to simply accept counsel's representation that the motion was purportedly "frivolous,"
the Court ordered the Government to file a brief to show why this was so. After more than a
month went by without any such brief by the Government, on November 26, 2008, Mr. Palivos
filed his motion for leave to take discovery to support his claims, as well as his motion to
disqualify counsel. The Government requested time to respond to all of the pending motions,
and the Court allowed the Government until January 20, 2009 to do so. When January 20
arrived, the Government asked for an extension until February 5 to respond to all motions. When
the February 5 deadline arrived, the Government sought another extension until March 3.

3.      As a professional courtesy, Mr. Palivos did not oppose any of the Government's requested extensions. However, because Mr. Palivos has strong interest in a timely resolution of this matter, he did take the position that if the Government was to get the extra time, the Court should set firm deadlines so the case could move forward.

4.      The Court initially declined to set any final deadlines. However, in connection with the Government's most recent extension in January of this year, the Court ultimately did set a final and firm deadline.

5.      Specifically, the Court's minute order granting the Government's motion to re-extend the time to respond to Mr. Palivos's § 2225 motion, his motion to take discovery, and his motion to disqualify counsel stated as follows: *"No further extensions will be granted."* See R. 31 (emphasis added).

6.      On March 2, 2009, one day prior to the final deadline for its three response, the Government filed a motion taking issue with the fact that Mr. Palivos' trial attorney has rejected the Government's lawyers' request to sit down with them for an informal interview – an issue that has nothing to do with Mr. Palivos' pending motions. The Court's firm deadline has now passed, yet the Government still has not filed any of the long-awaited responses to any of Mr. Palivos' three pending motions. There must be consequences for the Government's strategy, and the appropriate relief is discussed as follows.

**A.      The Motion for Leave to Take Discovery And to Disqualify Counsel Should Be Granted**

7.      Having been given every opportunity to respond to these motions, the Government has elected not to file anything. The Court-ordered final deadline has now come and gone. At a minimum, the Court should thus proceed to consider the motion for leave to proceed with discovery and to disqualify counsel even without any response by the Government, and it should grant them.

8.      Just to be clear, nothing in the Government's latest motion to strike has any relevance to the relief sought in Mr. Palivos's motion for discovery and to disqualify. The

2

fact that Mr. Palivos does not consent to allow the Government to have an *ex parte* fact-finding discussion with his trial attorney is a situation that obviously has nothing to do with either of these motions.

9.      Quite the opposite, the Government's actions demonstrate that it is plenty eager to begin discovery -- its own. Even while the Government contends that the Court should not allow Mr. Palivos to initiate his discovery, the Government (without inquiring with Mr. Palivos, or his present counsel, or the Court) attempted to schedule an off-the-record interview with Mr. Palivos' trial counsel. The Government then professed surprise that Mr. Palivos (who learned of the Government's attempt only because his trial counsel prudently contacted present counsel) was unwilling to simply agree to such an arrangement, particularly while the Government was taking the position in court that no discovery should proceed going the other way.

10.      In that regard, there is unrecognized irony in the Government's accusation that Mr. Palivos seeks to "have it both ways." Motion at 2, ¶ 4. Mr. Palivos is the one who has moved to initiate a discovery phase whereby both sides could marshal evidence to support their position. If the Government believes it has grounds to take discovery from his trial counsel, then the Government should not be simultaneously blocking Mr. Palivos' attempt to take discovery of his own.

11.      For the same reason, the Government's assertion that Mr. Palivos cannot "seek to prevent full disclosure to the court of all facts surrounding the claims" (motion at 2, ¶ 4) also misses the point. Mr. Palivos has filed a motion to be permitted to seek full disclosure of the facts. It is the Government, not him, that is presently opposing the attempt to discover facts.

12.      The solution is obvious: both sides desire to conduct investigation, and both sides should be permitted to do so. Mr. Palivos' unanswered motion for leave to take discovery should be granted, and the Government too should seek leave to depose his trial counsel, although the result should be on the record and not outside of Mr. Palivos' presence as the Government has attempted to do.

3

**B.** **Resolution of Mr. Palivos' § 2225 Motion Should Be Stayed Until After Discovery Is Complete**

13.     With respect to the Government's request to move to dismiss the § 2225 motion as frivolous, the foregoing sequence of events renders it moot. At the outset of the litigation, the Government informed the Court that it wished to try make the case that the 46-page (and 218 exhibit) Petition should be dismissed out of hand as "frivolous." The Court indulged the Government's request, informing the Government that its brief to that effect could be short and to the point. Five months (and a firm deadline) have now passed without any such filing by the Government. As stated previously, if it takes more than five months to file a pleading explaining why a case is frivolous, it is a pretty good bet that this case is not frivolous.

14.     Indeed, it is not. Even a cursory review reveals that Mr. Palivos has amassed strong evidence that his rights were violated. In fact, United States Representative Davis has since addressed a letter to this Court confirming that the United States House Judiciary Committee has initiated an investigation into prosecutorial misconduct in this case, which is the basis of Mr. Palivos' pending motion to disqualify.

15.     With respect to the § 2225 motion, while Mr. Palivos' motion has presented very strong evidence supporting his claims, the case itself cannot be fully adjudicated until after discovery proceeds. As such, no further briefing on the § 2225 motion is necessary at this time.

**C.** **The Government's Motion to Strike Should Be Denied**

16.     One day before their final extension to respond to the § 2225 motion, the Government has filed a motion to "strike" portions of that motion on the grounds that Mr. Palivos has rejected the invitation to consent to have the Government's counsel meet with his trial counsel outside his presence.

17.     Mr. Palivos' position hardly justifies striking anything. For one thing, the Government lawyers who tried to interview Mr. Palivos' trial counsel did so without even giving him any notice, much less requesting his permission. Moreover, these are the very same lawyers who Mr. Palivos is claiming have already railroaded him once, and one of the pending motions makes arguments to disqualify them.

4

18.     In response to that motion to disqualify, the Government filed serial motions to extend time, explaining that they were too busy with other cases to respond to that motion. Troublingly, from Mr. Palivos' perspective, they were apparently not too busy to do the very things that Mr. Palivos' pending motion seeks to disqualify them from doing. Nor was it ever disclosed that they were too busy to respond to Mr. Palivos' November 2008 motion to take discovery because they were occupied trying to take their own discovery.

19.     More to the point, the Government's motion to strike is entirely premature. If and when the Government seeks leave to take the deposition of Mr. Palivos' trial counsel during a forthcoming discovery period,[2] Mr. Palivos, like any other deponent, will have to make an election about whether a given constitutional privilege is justified or appropriate. At this time, present counsel does not foresee him asserting an attorney-client privilege in response to just about any questions, though it is obviously the case that if he does decide to make that assertion, the Court will at that time be called upon to decide the consequences of such an assertion.

20.     To summarize, there are no grounds to strike anything because Mr. Palivos has not yet been called upon to make a meaningful election. All that Mr. Palivos has done so far is to inform his trial counsel (through present counsel) that he does not agree to any process where his prior counsel would meet alone with Government attorneys whom he has moved to disqualify, to answer questions to which he has no opportunity to object, much less consider the assertion of any of a number of valid possible privileges.[3]

---

[2]     To be clear, Mr. Palivos will never permit his trial counsel to simply meet with the Government outside his presence to answer any questions the Government cares to ask.

[3]     The letter attached to the Government's motion was not directed to Mr. Palivos' present counsel, nor was he copied on it. Had the letter been disclosed to present counsel prior to the Government's filing, counsel would could clarified his position that what Mr. Palivos was rejecting was an off-the-record meeting between trial counsel and the Government, outside of his presence, to answer unknown questions, even while the Government was simultaneously opposing any and all discovery coming back the other way. To say that this is a privilege assertion is, with due respect, an oversimplification.

**Conclusion**

21.     For the reasons set forth herein, Mr. Palivos' long-pending motion to disqualify counsel and for leave to take discovery should be granted. This relief is justified both on the merits, and because the Government has failed to file its responses prior to the Court-ordered date.

22.     As for the Government's as-yet unfiled motion to dismiss the § 2225 motion as frivolous, it is now moot because it was never filed. Instead, final resolution of the case should be deferred until both sides have had the opportunity to take discovery so that the truth can emerge.

RESPECTFULLY SUBMITTED,

 s/ Jon Loevy
Attorneys for Peter Palivos

Arthur Loevy
Jon Loevy
Tara Thompson
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Tara Thompson, certify that on March 3, 2009, I delivered the attached Response to Government's Motion to Extend Time to File Responses to counsel of record by electronic means through the District Court's CM/ECF System.

s/  Tara Thompson