Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5589 | **DATE** | 11/15/2011 |
| **CASE TITLE** | USA vs. Palivos | | |

**DOCKET ENTRY TEXT**

The motion of Peter Palivos for a certificate of appealability [83] is denied. *See Statement portion of this minute order for more information.*

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Under 28 U.S.C. § 2253, a petitioner under 28 U.S.C. § 2255 does not have an "absolute entitlement" to appeal a district court's denial of his petition; rather, he must first request a certificate of appealability (COA) from a circuit justice or district judge. *See Miller-El* v. *Cockrell,* 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). With respect to claims of constitutional violations denied on their merits, a petitioner is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *See id.* To make a substantial showing the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack* v. *McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quoting *Barefoot* v. *Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). The COA requirement is a threshold issue and a determination of whether one should issue neither requires nor permits full consideration of the factual and legal merits of the claims. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 335-36.

Palivos supports his request for a COA by reiterating broadly the claims he presented on his § 2255 motion: (1), that the government violated its obligation under *Brady* v. *Maryland* to disclose evidence to him that would have proved that Mr. Palivos was not guilty of conspiring to obstruct justice; (2), that the government knowingly suborned perjury to cover up the existence of documents establishing his innocence; (3), that the government committed prosecutorial misconduct in connection with Assistant United States Attorney Eric Wilson's affidavit; and (4), that the government violated its obligation under Brady to disclose evidence that the principal witness, Nicholas Black, had tried to retract his story prior to trial but was threatened by prosecutors if he did so; and that his criminal defense attorney provided ineffective assistance of counsel.

In its September 15, 2011 Opinion (amended October 4, 2011. Dkt. No. 82) denying Palivos's

| STATEMENT |
|---|
| § 2255 petition, this court painstakingly reviewed each of Palivos's claims. He makes no showing on the motion for a COA that any one of the court's conclusions presents a debatable question that the petition was resolved incorrectly but merely identifies the issues he presented in his original motion. This omission notwithstanding, the court is satisfied that there is no such debatable question. See Opinion at 14 ("Palivos's conviction rested on Black's credibility. Black was thoroughly cross-examined by very able counsel. Unfortunately for Palivos, the jury believed Black. Palivos's persistent, repeated regurgitation of versions of the same arguments through a succession of attorneys has been and remains futile."). For these reasons, the motion is denied. |